## United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | Manuel Barbosa | CASE NO. | 07-B-70565 |
|---|---|---|---|
| DATE | September 16, 2009 | ADVERSARY NO. | 08-A-96057 |
| CASE TITLE | In re Mark A. Beaulieu  Daniel M. Donahue, Plaintiff  v.  Laverne Beaulieu  and  Valerie Beaulieu, Defendants. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, judgment will be entered in favor of the Defendants.

■ [ For further details see text below.]

### STATEMENT

The Plaintiff, who is the Trustee of the debtor Mark Beaulieu's bankruptcy estate under Chapter 7, seeks to avoid the transfer of $21,000 in cashier's checks by the Debtor to the Defendants approximately ten months before the Debtor's bankruptcy petition as preferential transfers. Because the Defendants subsequently transferred an equal amount of money back to the Debtor, the Court finds that the transfer is protected in full by the "new value" exception provided by 11 U.S.C. § 547(c)(4) and dismisses the Trustee's complaint.

**Factual Background**

The Defendants, Laverne and Valerie Beaulieu, are the father and mother, respectively, of the Debtor. They each lent the Debtor money in the past. Valerie lent her son $12,000 to build a garage on his home sometime in the 1970's or 1980's. (Dep. 6; Test. 33). Laverne lent his son an additional $9,000 sometime around 2004 for home improvements on the house. (Test. 30). Thereafter, their son got into financial difficulties. In connection with certain loans taken out for his business, the Debtor gave personal guarantees to AmCore Bank on promissory notes totaling about $244,000 in 2004 and 2005 (Test. 9). By December 2005, those notes were in default. AmCore sued the Debtor on the guarantees in state court in May 2006, and won a judgment of about $220,000 in September 2006. AmCore filed an involuntary bankruptcy petition against the Debtor with this Court on March 14, 2007.

Before the filing of the petition, and within the one-year period preceding the petition, the Debtor gave Laverne a cashier's check for $9,000 and Valerie a cashier's check for $12,000 on May 4, 2006. (Dep. 7; Test. 30-31). It seems that the Debtor had sold a certain piece of property for around $130,000, and used part of the proceeds to pay back debts to his parents and others, and dissipated the rest of the money before his bankruptcy petition. (Test. 21). The Defendants initially accepted the money and cashed the checks, (Dep.13; Test. 33), but returned the entire $21,000 to their son within the next few days after they learned that he still owed considerable back taxes. (Dep. 11; Test. 34).

**Analysis**

The Trustee has the initial burden of proving the avoidability of a preferential transfer. 11 U.S.C. § 547(g). Defendants, as the Debtor's parents, were insiders, and the transfer was clearly within the one-year period preceding the Debtor's petition. The Defendants have admitted that they were creditors of the Debtor and that they accepted the cashier's checks as payment of antecedent loans. (Dep. 7; Test. 30). The Trustee testified that, based on his analysis of the Debtor's financial records, the Debtor "was clearly underwater at the time he made the transfers," and was therefore insolvent at the time of the transfers. (Test. 27). The Trustee also testified

that there were not enough assets in the Debtor's estate to pay 100% to unsecured creditors, including the Defendants, so that, if they had kept the money they were given, the Defendants would have received more than they would have received in a Chapter 7 liquidation if they had not received the money. (Test. 26). The Trustee has therefore met his burden of proving the elements of a preference under 11 U.S.C. § 547(b). The only element that the Defendants contest is that, since they subsequently returned the money, there was no "transfer." However, the definition of "transfer" for purposes of Section 547(b) is "as broad as possible," see, e.g., In re Prescott, 805 F.2d 719, 729 (7th Cir. 1986), and such subsequent actions are irrelevant to the determination of whether there was a transfer. Giving the money back does not change the fact that the money was given in the first place, and does not negate the fact that a transfer of property took place. On May 4, 2006, the Defendants knowingly accepted the two cashier's checks as repayment of the outstanding debt owed to them, and endorsed and cashed those checks. This constituted a transfer under Section 547(b).

However, even though the Debtor's payment to the Defendants was a preference, because the Defendants subsequently returned the $21,000 given to them, the initial transfer is not an avoidable preference. Under 11 U.S.C. § 547(c)(4), the Trustee may not avoid an otherwise avoidable preference to a creditor "to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor-- (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor." The Defendants have the burden of proving the nonavoidability of the transfer under Section 547(c). 11 U.S.C. §547(g). The Seventh Circuit Court of Appeals has stated that the three requirements for a Section 547(c)(4) defense are: (1) the creditor extends new value, (2) which is unsecured and (3) remains unpaid to the debtor after the preferential transfer. In re Prescott, 805 F.2d 719, 728 (7th Cir. 1986). There is some dispute in the Defendants' testimony as to exactly when and how the Defendants returned the money. Laverne testified that they returned the money in cash later on the same day that their son had given them the checks, (Test. 34-35), while Valerie testified that they initially deposited the cashier's checks and later gave their son a new cashier's check a few days later. (Dep. 13). However, while there

may be some inconsistency on the details, the Trustee has not really disputed the fact that they returned the money. Both Defendants testified that they initially accepted repayment of the loan, but after learning that their son was actually still in a bad financial situation and might get into trouble with the IRS for unpaid taxes, returned the money to him. Therefore, the Court holds that the Defendants have met their burden of proving that they gave new value in an amount equal to the preferential transfer subsequent to such transfer. Furthermore, the Defendants have met their burden of proving the other two elements of Section 547(2)(4). The Defendants both testified that their return of the money was a re-extension of an unsecured loan, and that they have not subsequently been paid back any of that $21,000. (Dep. 10; Test. 35).

### Conclusion

For the foregoing reasons, judgment will be entered in favor of the Defendants.

The foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

September 16, 2009

_____
Judge Manuel Barbosa